IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALLACE DEEN-MITCHELL,** | : | **CIVIL ACTION NO. 1:10-CV-2238** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BRIAN A. BLEDSOE, Warden,** | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 27th day of June, 2011, upon consideration of the May 25, 2011 Order of Magistrate Judge Malachy E. Mannion denying defendant Wallace Deen-Mitchell's ("Deen-Mitchell") motion for sanctions and relief from judgement[1] (Doc. 29), denying Deen-Mitchell's motion for a "corrected copy" of the government's response to his habeas corpus petition and brief in support (Doc. 36), and granting respondent Brian A. Bledsoe's ("Bledsoe") motion to seal (Doc. 39),

---

[1] Magistrate Judge Mannion construed the motion for sanctions and relief from judgement as a motion for reconsideration of his April 12, 2011 order, (Doc. 28), denying Deen-Mitchell's motion (Doc. 26) for acknowledgment of facts. (Doc. 47, at n. 1). In his motion for sanctions and relief, Deen-Mitchell contends that his legal materials were taken by prison staff "with the express intent that [he] be denied access to the courts," (Doc. 34), and that prison staff have never returned his legal materials to him in whole. (Doc. 29 ¶ 5). Bledsoe responded by providing numerous prison incident reports and declarations of prison officials in support of his contention that Deen-Mitchell's possessions were taken because of his disruptive behavior. (See Doc. 40). It is normal protocol for disruptive inmates' possessions to be seized for inspection because they are more likely to have weapons or other contraband. (See id., at 2). Bledsoe also indicated that not all of Deen-Mitchell's legal materials were returned because inmates are only "permitted to retain one cubic foot of legal materials in their cell at a time," and that upon Deen-Mitchell's request, "the remaining [legal] materials . . . may be rotated out of storage." (Doc. 38, at 4).

and upon further consideration of the objection of Deen-Mitchell to the order (Doc. 49); see L.R. 72.2 (stating that "[a]ny party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter . . . within fourteen (14) days after issuance of the magistrate judge's order"), filed on June 2, 2011, wherein Deen-Mitchell asserts that the Magistrate Judge's order was "willfully erroneous" (Doc. 75, at 5), and it appearing that the court shall set aside any portion of an order found to be "clearly erroneous or contrary to law," L.R. 72.2, and the court finding that Deen-Mitchell merely reiterates the arguments put forth in his original motion, and that he has received possession of his legal documents,[2] and the court therefore concluding that the Magistrate Judge's order was neither clearly erroneous nor contrary to law, it is hereby ORDERED that the order of Magistrate Judge Mannion dated May 25, 2011 (Doc. 47) is AFFIRMED.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

---

[2] In the pending objection to the Magistrate Judge's order denying reconsideration, Deen-Mitchell complains that Bledsoe is being untruthful when he states that the possessions were seized because of disruptive behavior. (Doc. 49 ¶ 2). Deen-Mitchell argues that because his legal materials were seized prior to his disruptive behavior on January 21, 2011, they could not have been seized as a result of the disruptive behavior. (Doc. 24 ¶ 4). However, Bledsoe previously provided substantial evidence that the legal materials were seized as a result of Deen-Mitchell's disruptive behavior on occasions prior and subsequent to the January 21, 2011 incidents. (See Doc. 40).